**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

| | | |
|---|---|---|
| BILLY CULBERTSON, | * | |
| ADC #076385, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | No. 5:12CV00391-SWW-JJV |
| | * | |
| RAY HOBBS, Director, | * | |
| Arkansas Department of Correction | * | |
| | * | |
| Respondent. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

       3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

      From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## <u>DISPOSITION</u>

## I.    BACKGROUND

      On January 8, 2008, Mr. Culbertson appeared before the Lonoke Circuit Court and pled guilty to possession of firearms by certain persons, two counts of felony residential burglary, four counts of first-degree terroristic threatening, third-degree battery, four counts of protection order violation, misdemeanor false imprisonment, harassment, kidnapping, two counts of first-degree battery, second-degree domestic battery, and a sentence enhancement for being a habitual offender. (Doc. No. 6-1, pp. 1-11.)  He was sentenced to thirty-eight (38) years in the Arkansas Department of Correction with ten years suspended.  (Doc. No. 6-1, p. 1.) Because he pled guilty, he had no right to a direct appeal.

      More than three years later, on May 11, 2011, Mr. Culbertson filed a petition for state habeas corpus relief, alleging that his due process rights were violated because he was denied the right to a fair and impartial trial, that the prosecution withheld exculpatory evidence, that the trial court abused its discretion, and that he was actually innocent of the offenses to which he pled guilty. (Doc. No. 6-6,  p. 11.) The circuit court denied the petition on October 6, 2011. (Doc. No. 6-7.)  The

Arkansas Supreme Court, on March 8, 2012, denied Mr. Culbertson's motion to file a belated brief and dismissed his appeal, stating that it was clear from the record that he could not prevail. *Culbertson v. State,* 2012 Ark. 112.

## II.   ANALYSIS

### A.   Statute of Limitations

Respondent argues that Mr. Culbertson's Petition is barred by the statute of limitations. (Doc. No. 6, p. 4.)  Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds that the Petition is untimely.  The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §

2244(d)(1)(A).  Mr. Culbertson's conviction became final on January 8, 2008, the date that the

Judgment and Commitment Order was filed.  (Doc. No. 6-1.)  Thus, Mr. Culbertson had until

January 8, 2009, to file his federal habeas petition.  The instant Petition, filed on October 15, 2012,

was over three and a half years late.

There is also no indication in the record that Mr. Culbertson diligently pursued his rights

regarding the instant claims or that some extraordinary circumstance prevented timely filing.  And

the filing of his state habeas petition provides no relief.  The statute of limitations clock may not be

tolled after it has already expired.  *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006).  Therefore,

Mr. Culbertson is not entitled to equitable tolling and this matter should be dismissed as time barred.

### B.      Procedural Default

Respondent additionally argues that the Petition is procedurally defaulted.  (Doc. No. 6, p.

5.)  The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance

of each claim to each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28

U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising

a claim in a federal habeas corpus proceeding).  This requirement is in place to afford the State the

opportunity to correct any constitutional errors before the federal courts intervene.  *Lenza v. Wyrick*,

665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have

consistently adhered to this federal policy for it would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an opportunity to the

state courts to correct a constitutional violation.") (citations omitted).

Here, Mr. Culbertson was required to first present his claims to the Arkansas courts "as

required by state procedure," in a petition under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); see also, e.g., *Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief under [Ark. Rules Crim. Proc., Rule 37].") Mr. Culbertson failed to do so, so his claims are procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). After careful review of his Petition, the Court concludes that Mr. Culbertson fails to show any cause and prejudice, and thus, his Petition should be dismissed as procedurally barred.

As to his claim of actual innocence, the Petitioner must establish that (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). "[T]he actual innocence gateway is very limited. Few petitioners are 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.' " *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citations omitted)). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.' " *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. 298, 316 (1995)). Mr. Culbertson offers no new

and reliable evidence and does not allege that he was not the person who committed the crimes

against Linda Culbertson, A.D. Thomason, and Beryldean Thomason.  So the miscarriage of justice

exception is not applicable here.

    After careful review of the record and the briefs, the Court concludes that Mr. Culbertson's

claims are procedurally defaulted and time barred.  Accordingly, his Petition for Writ of Habeas

Corpus should be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

    Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District

Courts, a district court "must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district

court must consider the following factors when determining whether it should issue  a certificate of

appealability:  "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued;

(2) even if the procedural default is not clear, if there is no merit to the substantive constitutional

claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the

substantive constitutional claims are debatable among jurists of reason, the certificate should be

granted."  *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S.

473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

    In this case, the Petition is clearly time barred and procedurally defaulted.  Therefore, no

certificate of appealability should be issued.

## IV.    CONCLUSION

    IT IS, THEREFORE, RECOMMENDED that:

    1.    The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.      A certificate of appealability should not be issued.

DATED this 4th day of April, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE